OPINION
{¶ 1} In 1993, Albert Van Lehn, together with his wife, hired Judy Feister to oversee their home health care and provide other assistance as needed. On February 23, 1994, Mr. Van Lehn named Ms. Feister as his attorney-in-fact.
 {¶ 2} On September 24, 1999, the Tuscarawas County Grand Jury indicted Ms. Feister on one count of aggravated theft in violation of R.C. 2913.02 regarding the misappropriation of Mr. Van Lehn's funds.
 {¶ 3} Mrs. Van Lehn died in September of 1994. Mr. Van Lehn died on February 18, 2000.
 {¶ 4} On May 11, 2000, appellant, Junior Bruce Feister, Ms. Feister's husband, filed a complaint against appellee, Wilford R. Miller, executor of the estate of Albert Van Lehn, for possession of two vehicles once owned by Mr. Van Lehn. On July 11, 2000, appellee filed an answer and counterclaim. In his counterclaim, appellee named Ms. Feister as a counterclaim defendant. The counterclaim alleged claims of conspiracy to misappropriate Mr. Van Lehn's funds.
 {¶ 5} On August 30, 2000, Ms. Feister pled guilty to the aggravated theft charge.
 {¶ 6} On December 26, 2000, appellee filed a motion for summary judgment. By judgment entry filed January 23, 2001, the trial court granted said motion and dismissed appellant's complaint.
 {¶ 7} On February 13, 2001, appellee filed a motion for default judgment on the counterclaim and motion for an award of attorney fees. Following appeal to this court and subsequent remand to the trial court (Feister v. Miller, Tuscarawas App. No. 2001AP020015, 2001-Ohio-1552), the trial court granted the motion for default as to liability only on November 27, 2001.
 {¶ 8} A hearing was held on January 25, 2002. By judgment entry filed March 6, 2002, the trial court found frivolous conduct and awarded appellee as against appellant and his counsel, John Woodard, attorney fees in the amount of $25,376.25 and expenses in the amount of $8,586. Following a settlement between the parties regarding damages for misappropriating Mr. Van Lehn's funds, the trial court entered a consent judgment in favor of appellee as against appellant and Ms. Feister in the amount of $100,000. See, Judgment entry filed April 8, 2002.
 {¶ 9} Appellant, together with Ms. Feister and Mr. Woodard, filed appeals regarding the trial court's judgment entries. By opinion filed December 31, 2002, this court affirmed in part and reversed in part the judgments, remanding the matter to the trial court "to determine what fees were actually attributed to the defense of the auto replevin and to dismiss the finding of frivolous conduct against Mr. Woodard." Feister v. Miller,
Tuscarawas App. Nos. 2002AP050035 and 2002AP050039, 2002-Ohio-7397.
 {¶ 10} Upon remand, appellant and Mr. Woodard filed several motions seeking damages for excessive garnishment, interest and attorney fees. A hearing was held on May 12, 2003. By judgment entry filed May 30, 2003, the trial court ordered the return of Mr. Woodard's garnished money plus ten percent interest from August 15, 2002. By judgment entry filed July 21, 2003, the trial court granted Mr. Woodard's June 16, 2003 motion for damages regarding the excessive garnishment, and set an evidentiary hearing for August 12, 2003. A hearing was held on said date. Neither appellant nor Mr. Woodard appeared. By judgment entry filed August 18, 2003, the trial court determined the amount of attorney fees to be awarded to appellee to be $24,886, and denied any claim for damages for excessive garnishment.
 {¶ 11} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 12} "The trial court committed reversible error in refusing to follow the order of the court of appeals as to the court costs against appellee."
 II {¶ 13} "The trial court committed reversible error in failing to award damages for garnishment of an excessive amount."
 I {¶ 14} Appellant claims the trial court failed to follow this court's mandate relative to the imposition of costs.
 {¶ 15} As admitted by appellant during oral argument, the costs assigned by this court pursuant to App.R. 24 have been paid.
 {¶ 16} Assignment of Error I is moot.
 II {¶ 17} Mr. Woodard claims the trial court erred in not awarding damages for the excessive garnishment of his bank accounts. We disagree.
 {¶ 18} The garnishments in question were made pursuant to the trial court's initial award of attorney fees. The garnishments collectively yielded more than the judgments, and the excessive amounts were refunded.
 {¶ 19} Following remand, appellant and Mr. Woodard filed several motions seeking damages for excessive garnishment, interest and attorney fees. By judgment entry filed July 21, 2003, the trial court granted Mr. Woodard's June 16, 2003 motion for damages regarding the excessive garnishment, and set an evidentiary hearing for August 12, 2003. The trial court also found the following in pertinent part:
 {¶ 20} "Mr. Woodard shall supply the Court with evidence of the interest lost on the First Federal account garnished by the Defendant and the Court will, by Supplemental Order, require Mr. Nemitz to pay a like amount to Mr. Woodard to compensate him for lost interest while the account was being garnished pursuant to previous Court order."
 {¶ 21} Following a submission by Mr. Woodard, the trial court ordered appellee to pay Mr. Woodard $266.38 in lost interest on the First Federal account. See, Judgment Entry filed July 24, 2003. The hearing on August 12, 2003 went forward as scheduled. As noted by the trial court, neither appellant nor Mr. Woodard appeared for this hearing. T. at 2-3. By judgment entry filed August 18, 2003, the trial court denied appellant's request for $5,000 in damages for the excessive garnishment. Because Mr. Woodard failed to appear at the hearing and prosecute the claim, we find the trial court did not err in denying the damage request.
 {¶ 22} Assignment of Error II is denied.
 {¶ 23} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Judgment affirmed.
Wise and Edwards, JJ. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.